UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 1:24-CR-55-MR-WCM |
| v. | **BILL OF INFORMATION** |
| KELLY WALLS YOUNG | **Violations:**<br>18 U.S.C. § 1343<br>18 U.S.C. § 1956 |

**THE UNITED STATES ATTORNEY CHARGES:**

COUNT ONE

From on or about August 1, 2020, through on or about October 27, 2023, in Cleveland County, within the Western District of North Carolina and elsewhere, the defendant

**KELLY WALLS YOUNG**

with the intent to defraud, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce any writing, signal, picture, and sound, to-wit: ACH and other electronic financial transactions.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO

On or about August 8, 2023, in Cleveland County, within the Western District of North Carolina and elsewhere, the defendant

## KELLY WALLS YOUNG

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: check no. 4686, which involved the proceeds of a specified unlawful activity, that is wire fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offense for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Information;

b. All property involved in such violations or traceable to property involved in such violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The following property is subject to forfeiture on one or more of the grounds stated above: A forfeiture money judgment in the amount of at least $2,357,876.19, such amount constituting the proceeds of the violations in this Bill of Information.

DENA J. KING
UNITED STATES ATTORNEY

ALEX M. SCOTT
Assistant United States Attorney

3