IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO.: 1:24 CR 55 |
| ) | |
| v. ) | |
| ) | **FACTUAL BASIS** |
| KELLY WALLS YOUNG ) | |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. From on or about August 1, 2020, through on or about October 27, 2023, in Cleveland County, within the Western District of North Carolina and elsewhere, Defendant KELLY WALLS YOUNG executed a scheme to defraud and embezzle at least $1,500,000 from MACO, Inc., a metal fabrication business in Shelby, North Carolina. Further, YOUNG conducted a least one subsequent transaction utilizing proceeds from this scheme to defraud and embezzle with the intent to conceal and disguise the source of the funds.

2. YOUNG worked for MACO from May 2013 until October 2023 as the office manager. YOUNG had access to, control of, and fiduciary responsibility for

MACO's financial accounts and records. She reported directly to T.M., the owner and President of MACO. During this period, YOUNG had an adult son, J.Y.

3. The purpose of the scheme to defraud MACO was for YOUNG to unjustly enrich herself and J.Y. by embezzling at least $1,500,000 from MACO, using its financial accounts to transfer funds to her personal bank account, and using her business credit card for personal expenses which she ultimately paid for with company funds.

4. YOUNG's fraud began by writing herself checks from MACO's bank accounts to pay for specific personal bills such as her personal credit card. YOUNG's conduct then evolved to initiating money (wire) transfers to herself and using her issued MACO credit card to directly pay for her personal expenses. From there, YOUNG linked MACO's bank account to her various peer-to-peer (P2P) apps, such as Venmo and Cash App, and began sending money to J.Y., who resided in California. Ultimately, YOUNG shared access to the P2P accounts and MACO's credit card with J.Y., enabling him to steal MACO's funds for his personal benefit.

5. YOUNG implemented a variety of methods to conceal her embezzlement from MACO and enable it to continue for years. In the instances of fraudulent checks and bank transfers, YOUNG would issue the payment to herself, and then go back into MACO's accounting software, change the name of payee from her name to a legitimate vendor's name, and then assign the dollar amount to an established expense account within the system. For example, within MACO's organization, "CSC" was known to stand for "Chatham Steel Corporation"; but YOUNG used "CSC" when she would transfer money to an account YOUNG controlled in her mother-in-law's name, whose initials were C.S.C. Regarding certain recurring transfers, YOUNG created fake vendor accounts that were designed to appear to be existing MACO vendors but were instead linked to bank accounts belonging to either her or her son, J.Y.

6. YOUNG and J.Y.'s extensive personal use of the MACO credit card necessitated she make several payments on the account each month to keep the card from reaching its authorized spending limit. She then would assign the credit card payments to expense accounts within MACO's accounting software, spreading the amount across multiple expense accounts to avoid detection.

7. YOUNG initiated numerous ACH transfers from MACO's operating and money market accounts using the payee name "C.S.C." to C.S.C.'s State Employees Credit Union account ending 3181, on which YOUNG has signature authority, before then transferring the money from C.S.C.'s account to YOUNG's

2

own account. The purpose of this was to conceal from MACO that YOUNG was the ultimate beneficiary of the funds. One such incident occurred on August 8, 2023 after YOUNG initiated an ACH transfer from MACO's financial account to C.S.C.'s SECU account ending 3181. YOUNG then wrote check no. 4686 from the SECU account in the same amount and deposited it into her own Fidelity Bank account ending 5773 (shown below):

| 08-08-23 | 08-08-23 | + | 9,800 00 | MACO INC    CSC 023220004743914 |
|---|---|---|---|---|
| 08-08-23 | 08-08-23 | - | 100 00 | POINT OF SALE DEBIT L340 DATE 08-07 APPLE CASH SENT MO1 INFINITELOO |
| 08-08-23 | 08-08-23 | - | 9,800 00 | Withdrawal or Check  4686 |

8. The ACH and other electronic financial transactions were conducted via the internet using cross-bank payment processors located outside the state of North Carolina, meaning the transactions moved in interstate and foreign commerce.

DENA J. KING
UNITED STATES ATTORNEY

Alex M. Scott
Assistant United States Attorney

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

Chris Fialko, Attorney for Defendant

DATED: 8/1/2024